UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE and VALERIE STEPHEN, | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:25-cv-00492-MTS |
| PRICE SELF STORAGE WEST LA LLC, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Cedric Greene has filed a civil complaint and Application to Proceed in District Court Without Prepaying Fees or Costs on behalf of himself and Valerie Stephen. The Court will deny the Application and dismiss this case without further proceedings.

**Background**

Since March 5, 2025, Greene has filed 16 cases pro se and in forma pauperis in this Court. To date, the cases that have been reviewed have been dismissed without further proceedings for reasons including want of jurisdiction, lack of venue, and a finding of maliciousness. Greene has a history of abusing the judicial process in other federal courts. In 2016, the Supreme Court of the United States found that Greene had "repeatedly abused this Court's process" and directed its Clerk to refuse to accept future in forma pauperis petitions from him in noncriminal matters. *See In re Greene*, 578 U.S. 974 (2016). In January 2024, the United States Court of Federal Claims determined that "Greene's abuse of the judicial system precludes him from proceeding IFP in this court." *Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024). The Court of Federal Claims estimated that Greene had filed more than three hundred cases in federal courts across the

country.  *Id.*  Other federal circuit and district courts have imposed filing restrictions on Greene. *See Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada).

Greene has now filed a complaint against Price Self Storage West LA LLC.  He filed a complaint of his own creation, even though this Court's Local Rules require self-represented plaintiffs to use Court-provided forms.  *See* E.D.Mo. L. R. 2.06(A).  He identifies himself as a California resident, but does not identify the Defendant's residence.  Greene references the removal of property from a storage unit, but the complaint is so vague and confusing that his claims are not readily discernible.  Greene references the involvement of the "California Enforcement Agency," and states he "couldn't get clarity in California, nor could he get clarity in other places the case has visited."  Doc. [1] at 4.

Greene references previously filing this case against this Defendant.  Independent review shows that in 2022, Greene sued the Defendant in the Eastern District of California.  *See Greene v. Price Self Storage West LA, LLC*, No. 2:22-cv-0524-KJM-CDK PS (E.D. Cal. Mar. 21, 2022). The district court dismissed the case for improper venue and Greene appealed, but the Ninth Circuit Court of Appeals dismissed the appeal after finding it "so insubstantial as to not warrant further review."  *Greene v. Price Self Storage West LA, LLC,* No. 22-16056 (9th Cir. 2023). Greene does not explain why he believes this Court has jurisdiction over this case.  He does not describe a federal claim for relief or clearly describe the relief he seeks.

## Discussion

The Court first considers Greene's Application to Proceed in District Court Without Prepaying Fees or Costs.  To discourage the filing of baseless litigation and conserve judicial

2

resources, this Court has a duty to deny in forma pauperis status to those who have abused the judicial system. *See In re Sindram*, 498 U.S. 177, 180 (1991) and *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  As discussed above, the United States Supreme Court, the Court of Federal Claims, and federal circuit and district courts have sanctioned Greene after finding he had abused the judicial process.  Greene has now started bombarding this Court with cases, and it appears he filed this one to avoid the consequences of filing restrictions imposed elsewhere.  The Court will therefore deny Greene's Application to Proceed in District Court Without Prepaying Fees or Costs.

     Additionally, Greene has not shown that this Court has subject matter jurisdiction over this case.  This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and original jurisdiction of civil actions where the parties are diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The party asserting jurisdiction – in this case Greene -- bears the burden of establishing the contrary. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

     Here, Greene makes no attempt to meet his burden of establishing subject matter jurisdiction.  He does not allege that his claims arise under the Constitution, laws, or treaties of the United States, and having reviewed his complaint, the Court can discern no federal claim.  Greene makes no attempt to show that the requirements of § 1332 are met, either.  The Court therefore determines that it lacks subject matter jurisdiction over this action, and finds it must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

     This action is also malicious.  Although the United States Supreme Court and other federal courts across the country have deemed Greene an abusive and vexatious litigant, he has continued repeatedly filing baseless cases.  And it appears he filed the instant complaint to

continue pursuing the Defendant after *Greene v. Price Self Storage West LA, LLC*, No. 2:22-cv-0524-KJM-CDK PS was dismissed and his appeal was unsuccessful.  In sum, this action is one of hundreds of baseless cases Greene has filed, and it appears he filed it to harass the Defendant rather than as a legitimate attempt to vindicate a cognizable right.  The Court therefore concludes that this action is malicious and subject to dismissal under 28 U.S.C. § 1915(e)(2).  *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Accordingly,

**IT IS HEREBY ORDERED** that Cedric Greene's Application to Proceed in District Court Without Prepaying Fees or Costs Doc. [2] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).  A separate order of dismissal will accompany this memorandum and order.

Dated this 22nd day of April 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

4