UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE and VALERIE STEPHEN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PRICE SELF STORAGE WEST LA LLC, ) <br> ) <br> Defendant. ) | No. 4:25-cv-00492-MTS |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff's Motion to Proceed in forma pauperis ("IFP") on Appeal. Doc. [14]. The Court will deny Plaintiffs' Motion because the Court now certifies that their appeal has not been taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that a district court can so certify "before or after the notice of appeal is filed"). Although a litigant may seek to proceed IFP on appeal, 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is frivolous, and thus cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, on April 22, 2025, the Court denied Plaintiffs' Motion for Leave to Proceed in the District Court in forma pauperis for abuse of the judicial system, Doc. [3] at 3, and dismissed their action without prejudice for two reasons: (1) Plaintiffs failed to establish the Court's subject matter jurisdiction, *id.* (citing Fed. R. Civ. P. 12(h)(3)); and (2) the action was "malicious and subject to dismissal under 28 U.S.C. § 1915(e)(2)," *id.* at 4. On April 24, 2025, Plaintiffs filed a "Transfer Motion and Request of Greene and Valerie Stephen" which sought "to come to terms with the legal venue concerning a transfer of the case to an accepting federal venue under the 8th Circuit."

Doc. [5] at 2. The Court denied the Motion as frivolous. Doc. [7]. Three days later, on May 02, 2025, Plaintiffs filed their Notice of Appeal, challenging the Court's denial of their Transfer Motion. Doc. [8]. Plaintiffs argue that the Court abused its discretion when it "called the motion frivolous without taking in consideration that [Plaintiffs] were unaware that a ruling had been entered in the case once [Plaintiffs] presented the original request." *Id.* at 2. The Court concludes that Plaintiffs' appeal is frivolous because lacks an arguable basis in law. It follows that the appeal has not been taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (concluding that a litigant demonstrates good faith "when he seeks appellate review of any issue not frivolous").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Application to Proceed Without Prepaying Fees or Costs, Doc. [14], is **DENIED**.

**IT IS HEREBY CERTIFIED** that Plaintiff's appeal has not been taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3).

**IT IS FINALLY ORDERED** that the Clerk of Court shall immediately notify the United States Court of Appeals for the Eighth Circuit of this Memorandum and Order pursuant to Federal Rule of Appellate Procedure 24(a)(4)(A)–(C).

Dated this 26th day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE